O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#13

CIVIL MINUTES - GENERAL

| Case No. | CV 09-3242 PSG (PLAx) | Date | September 2, 2009 |
|---|---|---|---|
| Title | Meritz Fire & Marine Insurance Co., Ltd. v. Hapag-Lloyd (America), Inc., et al. | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):   Attorneys Present for Defendant(s):

Not Present    Not Present

**Proceedings:** (In Chambers) Order Granting Defendant's Motion to Dismiss

Pending before the Court is Defendant's Motion to Dismiss. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court GRANTS the Defendant's motion.

I.   Background

Plaintiff Meritz Fire & Marine Insurance, Ltd. ("Plaintiff") is the subrogated insurer of Koho International Co. Ltd. ("Koho"). In May 2008, Koho contracted with Defendant World Class Logistics, Inc. ("World Class"), a non-vessel operating common carrier, to ship 72 pallets of cheddar cheese from Seattle, Washington to Busan, South Korea. World Class, in turn, contracted with non-party Hapag-Lloyd AG, a vessel operating common carrier, to deliver the shipment to Busan. As the domestic agent of Hapag-Lloyd AG, Defendant Hapag-Lloyd (America), Inc. ("Defendant") booked the shipments and issued two sea waybills of lading[1] to World Class in Lisle, Illinois. *See Watt Decl.*, Exs. 1, 2. The content of these sea waybills is central to the resolution of Defendant's motion.

The front page of each sea waybill describes the details of the delivery, identifying Seattle, Washington as the port of loading, and Busan, South Korea as the port of discharge. *See*

---

[1]A bill of lading is a document that "records that a carrier has received goods from the party that wishes to ship them, states the terms of carriage, and serves as evidence of the contract for carriage." *Norfolk S. Ry. v. James N. Kirby, Pty Ltd.*, 543 U.S. 14, 18-19, 125 S. Ct. 385, 160 L. Ed. 2d 283 (2004).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#13

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3242 PSG (PLAx) | Date | September 2, 2009 |
|---|---|---|---|
| Title | Meritz Fire & Marine Insurance Co., Ltd. v. Hapag-Lloyd (America), Inc., et al. | | |

*Watt Decl.*, Exs. 1, 2. Each sea waybill also includes a specification that the cheese was to be stored at -23.3 degrees Celsius and a bold-faced declaration that the terms of delivery include the terms and conditions on the reverse side of the bill. *See id.*

The reverse side of each sea waybill contains a forum selection clause, mandating that any claims must be resolved in Hamburg courts according to the laws of Germany. *See id.*, Ex. 3. It also indicates that, in the event the sea waybill pertains to a shipment to or from the United States, the Carriage of Goods by Sea Act ("COGSA"), 14 U.S.C. § 1300, *et seq.*, "shall be applicable before the Goods are loaded on or after they are discharged from the vessel." *See Watt Decl.*, Ex. 3 § 5(1)(e).

Plaintiff alleges that the storage temperature information on the sea waybills was incorrectly recorded. While the sea waybills indicate the cheese was to be stored at -23.3 degrees Celsius, the correct storage temperature was supposed to be 35 degrees Fahrenheit. Thus, when the shipment ultimately arrived in Busan, the cheddar cheese was frozen, resulting in a loss of $183,142.05 to Koho, Plaintiff's subrogor.

On May 7, 2009, Plaintiff filed suit against World Class, Universal Forwarding Overseas, Ltd., and Defendant for the damage to the cheddar cheese shipment. On July 31, 2009, Defendant filed the instant motion to dismiss for improper venue, relying upon the forum selection clause located on the reverse side of the sea waybills.[2]

II.     Legal Standard

A forum selection clause is grounds for a Federal Rule of Civil Procedure 12(b)(3) motion to dismiss for improper venue. *See Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). In considering such a motion, the court may consider facts outside the pleadings and need not accept the pleadings as true. *See id.* at 324. However, the court must draw all reasonable inferences and resolve all factual conflicts in favor of the non-moving party. *See Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004). In deciding a Rule 12(b)(3) motion, the court has the discretion to dismiss the case. *See* 28 U.S.C. § 1406(a).

III.    Discussion

---

[2] Defendants World Class and Universal Forwarding Overseas, Ltd., have defaulted and thus do not join in Defendant's motion to dismiss. *See* Dkt. # 11.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#13

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3242 PSG (PLAx) | Date | September 2, 2009 |
|---|---|---|---|
| Title | Meritz Fire & Marine Insurance Co., Ltd. v. Hapag-Lloyd (America), Inc., et al. | | |

The sole question governing Defendant's motion is whether the forum selection clause, located on the reverse side of the sea waybills, should govern Plaintiff's claim, even though Plaintiff's subrogor, Koho, was not a party to the issuance of the sea waybills.[3] If the forum selection clause is binding, the Plaintiff would be contractually obligated to pursue its claims in Hamburg, Germany, and this Court would be required to dismiss for improper venue. If the forum selection clause is inoperable, or should otherwise not be enforced, Plaintiff would be able to lay proper venue in the Central District of California.

Defendant argues that the forum selection clause precludes litigation in this Court because COGSA was contractually extended by the sea waybills, and COGSA allows enforcement of reasonable forum selection clauses. *See Watt Decl.*, Ex. 3. However, Plaintiff claims that the forum selection clause should not be enforced because the Carmack Amendment, 49 U.S.C. § 13501, *et seq.* ("Carmack"), applies to the time in which the negligence occurred, and Defendant did not formally opt out of Carmack's venue requirements. *See Opp.* 5: 3-9. Alternatively, Plaintiff requests limited discovery to determine whether the forum selection clause applies to this case.

  A. <u>Does COGSA or Carmack Apply?</u>

As a threshold matter, this Court must determine whether COGSA or Carmack applies to the instant action. COGSA recognizes the validity of reasonable forum selection clauses, *see Regal-Beloit Corp. v. Kawasaki Kisen Kaisha Ltd.*, 557 F.3d 985, 988 (9th Cir. 2009), while Carmack recognizes the validity of a forum selection clause only if the parties formally opt out of the statute's venue restrictions, *see id.*

  1. <u>COGSA</u>

COGSA governs claims arising from the transport of goods between a foreign and American port, "from the time when the goods are loaded on to the time when they are discharged from the ship." *Regal-Beloit*, 557 F.3d at 991; *see also* 14 U.S.C. § 1300, *et seq.*

---

[3] The chain of transactions is as follows: (1) Koho contracted with World Class to deliver the cargo from Seattle to Busan, (2) World Class contracted with Hapag-Lloyd AG to transport the goods overseas to Busan, and (3) Defendant issued the sea waybills to World Class on behalf of Hapag-Lloyd AG. Thus, Koho did not directly consent to the terms of the sea waybills.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#13

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3242 PSG (PLAx) | Date | September 2, 2009 |
|---|---|---|---|
| Title | Meritz Fire & Marine Insurance Co., Ltd. v. Hapag-Lloyd (America), Inc., et al. | | |

This time period is commonly referred to as "tackle-to-tackle." *Id.* Despite the seemingly narrow application of COGSA, the parties can contractually extend COGSA "beyond the tackles" to apply to the period before the goods are loaded and after they are discharged. *See id.* at 996; *Starrag v. Maersk, Inc.*, 486 F.3d 607, 614 (9th Cir. 2007) (holding that the defendant carrier validly extended the COGSA limitation of liability provisions to the entire period that the goods would be under its responsibility).

The reverse side of each sea waybill issued from Hapag-Lloyd AG to World Wide includes the following clause:

> In the event that this Sea Waybill has been issued in the USA . . . and this Sea Waybill covers a shipment from or to the USA COGSA shall apply. *COGSA shall also be applicable before the goods are loaded on or after they are discharged from the vessel.*

*Watt Decl.*, Ex. 3 § 5(1)(e) (emphasis added). Thus, Defendant attempted to extend COGSA's coverage beyond the tackles by contract. If this extension is valid, the forum selection clause contained in the sea waybills will be upheld if reasonable, *see Regal-Beloit*, 557 F.3d at 988, and the clause would apply to Plaintiff's claim because the alleged negligence occurred prior to the loading of the goods.

While a party may try to extend COGSA by contract, any extension of COGSA "beyond the tackles must give way to conflicting law." *Id.* at 997 (quoting *Sompo Japan Ins. Co. of Am. v. Union Pac. R.R. Co.*, 456 F.3d 54, 71 (2d Cir. 2006)). As the Ninth Circuit recently held in *Regal-Beloit*, Carmack is such a conflicting law. *See id.* at 997-98. Therefore, if Carmack applies, Defendant must have opted out of Carmack's requirements in order to enforce the forum selection clause.

   2. <u>Carmack</u>

Carmack governs certain interstate cargo claims against rail and motor carriers.[4] *See*

---

[4] 49 U.S.C. § 14706 applies to motor carriers, and 49 U.S.C. § 11706 governs rail carriers. *See PCI Transp., Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 544 n.33 (5th Cir. 2005). In *Regal-Beloit*, the Ninth Circuit engaged in an extensive analysis of the definition of "rail carrier" and concluded that an ocean carrier that participates in an intermodal shipment falls within the definition of "rail carrier." *See* 557 F.3d at 992 (analyzing the definitions section of

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#13**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3242 PSG (PLAx) | Date | September 2, 2009 |
|---|---|---|---|
| Title | Meritz Fire & Marine Insurance Co., Ltd. v. Hapag-Lloyd (America), Inc., et al. | | |

*Regal-Beloit*, 557 F.3d at 990-91. Carmack generally imposes strict venue restrictions that can override an otherwise enforceable forum selection clause. *See id.* (noting that Carmack "narrowly limits the venues in which a claim against carriers" can be filed). If the Carmack regime applies to the facts of this case, the contractual extension of COGSA beyond the tackles would be inoperable, and Plaintiff would be able to lay venue in the Central District of California. *See* 49 U.S.C. § 14706(d).[5]

In order to apply Carmack to this case, Plaintiff relies heavily upon the recent Ninth Circuit decision in *Regal-Beloit*, 557 F.3d at 985. In *Regal-Beloit*, the defendant ocean carrier contracted to ship plaintiff's goods from China to the American Midwest under "through" bills of lading.[6] *Id.* at 987. During the rail leg of the shipment, the plaintiff's cargo was allegedly damaged when the train carrying the cargo derailed. *See id.* The through bills of lading governing the shipment indicated that the entire shipment would be governed by COGSA. *See id.* In holding the COGSA extension inoperable, the Ninth Circuit extended Carmack to the defendant ocean carrier where the defendant participated in a through bill of lading. *See id.* at 994 (holding "that Carmack applies to ocean carriers and their agents *under the circumstances here*" (emphasis added)).

In attempting to extend Carmack to the sea waybills in the instant action, Plaintiff's reliance on *Regal-Beloit* is misplaced. While *Regal-Beloit* was "a maritime case about a train wreck," *id.* at 987, Plaintiff's case against Defendant is a maritime case, and only a maritime case. The sea waybills at issue here were not through bills of lading, which include both rail and oceanic shipments on a single bill. The sea waybills were expressly limited to the transport of Plaintiff's cargo from the port of Seattle to the port of Busan. *Watt Decl.*, Exs. 1, 2. As Defendant notes, no court has held that Carmack applies to a bill of lading exclusively for the oceanic transport of goods. *See Reply* 7: 4-6.

---

49 U.S.C. 10102(6)(A)).

[5] Plaintiff claims that venue is "proper under the Carmack Amendment because [Defendant] is operating as a carrier within the Central District of California." *Opp.* 4: 1-2.

[6] "Through bills of lading" are contracts "for transportation across oceans *and to inland destinations* in a single transaction." *Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 25-26, 125 S. Ct. 385, 160 L. Ed. 2d 283 (2004) (emphasis added).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#13**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3242 PSG (PLAx) | Date | September 2, 2009 |
|---|---|---|---|
| Title | Meritz Fire & Marine Insurance Co., Ltd. v. Hapag-Lloyd (America), Inc., et al. | | |

      For the reasons discussed, this Court finds that COGSA applies to the facts of this case because the sea waybills were expressly limited to the oceanic transport of Plaintiff's cargo from Seattle to Busan. Absent any inland shipment included in the bills of lading, this Court cannot extend the holding of *Regal-Beloit* to apply Carmack to Defendant. Such a broad rule would allow Carmack to trump COGSA in every instance. Therefore, the forum selection clause contained on the reverse of the sea waybills will be enforced unless it is unreasonable.

      B.     Should the Forum Selection Clause Be Enforced?

      The propriety of enforcing the forum selection clause involves two distinct questions. First, is the forum selection clause unreasonable? Second, should the forum selection clause bind a party that was not a signatory of the sea waybills issued by Defendant?

      1.     The Reasonableness of the Forum Selection Clause

      The U.S. Supreme Court has held that forum selection clauses are prima facie valid and should only be set aside if the party challenging enforcement can "clearly show that enforcement would be unreasonable and unjust."[7] *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972). Plaintiff bears a "heavy burden" in challenging the reasonableness of a forum selection clause. *See Argueta*, 87 F.3d at 325. In this case, Plaintiff does not provide any evidence, nor does it argue, that the forum selection clause is unreasonable.[8] Because Plaintiff does not dispute the reasonableness of the forum selection clause, this Court finds that the forum selection clause contained in the sea waybills is not

---

      [7] A forum selection clause may be unreasonable if one of the following conditions is satisfied: "(1) if the inclusion of the clause in the agreement was the product of fraud or overreaching; (2) if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; and (3) if enforcement would contravene a strong public policy of the forum in which suit is brought." *Holland Am. Line, Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 457 (9th Cir. 2007); *see also Murphy*, 362 F.3d at 1140.

      [8] Plaintiff seeks to repudiate the forum selection clause solely on the basis of the Carmack Amendment–an argument that was ultimately unavailing.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#13

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3242 PSG (PLAx) | Date | September 2, 2009 |
|---|---|---|---|
| Title | Meritz Fire & Marine Insurance Co., Ltd. v. Hapag-Lloyd (America), Inc., et al. | | |

unreasonable.[9]

        2.       <u>Binding a Non-Party to the Forum Selection Clause</u>

Another potential reason to set aside the forum selection clause is the fact that Koho, Plaintiff's subrogor, was not a party to Defendant's issuance of the sea waybills.[10]  According to precedent in the Ninth Circuit, a cargo owner that is not a party to a bill of lading can be bound by a forum selection clause contained in the bill if the party "accepts" the bill of lading by bringing suit upon it.  *See Kukje Hwajae Ins. Co., Ltd. v. M/V Hyundai Liberty*, 408 F.3d 1250, 1254 (9th Cir. 2005); *All Pac. Trading, Inc. v. Vessel M/V Hanjin Yosu*, 7 F.3d 1427, 1432 (9th Cir. 1993).  In *Kukje*, the plaintiff filed suit against the defendant on all "applicable bills of lading," and the court found this to include the bill of lading with the defendant.  *Id.*  Thus, the court held that the plaintiff accepted the bill of lading "by the express terms of the complaint." *Id.* at 1255.  Similarly, in the instant case, Plaintiff has accepted the sea waybills by "admittedly bring[ing] suit under the subject bills of lading."  *Opp.* 2: 8.  Thus, Plaintiff has "accepted" the sea waybills and may be bound by the forum selection clause, even though the bills were negotiated by an intermediary, World Class.

        C.       <u>Should Plaintiff's Request for Limited Discovery Be Granted?</u>

Plaintiff requests that this Court grant limited discovery because, Plaintiff argues, there is a genuine issue of fact as to whether the forum selection clause applies.  As the Ninth Circuit held in *Murphy*, a district court has the discretion to conduct an evidentiary hearing to determine whether a forum selection clause should be enforced.  *See* 362 F.3d at 1139.  In *Murphy*, the plaintiff presented a factual issue concerning the reasonableness of the forum selection clause, and whether the clause would fail the second *Bremen* factor–that enforcement would deprive the

---

[9] Because COGSA applies to this case, it is also important to note that forum selection clauses do not violate § 3(8) of COGSA, which prohibits any clause that lessens the liability of a carrier.  *See Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer*, 515 U.S. 528, 534, 115 S. Ct. 2322, 132 L. Ed. 2d 462 (1995) (citing 46 U.S.C. § 1303(8)) (finding that the increased time and expense of litigating pursuant to a forum selection clause does not lessen liability in violation of § 3(8) of COGSA).

[10] Although Defendant raises this potential problem in its opening brief, *see Mot.* 7: 21-23, Plaintiff does not address this point in its opposition.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#13**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3242 PSG (PLAx) | Date | September 2, 2009 |
|---|---|---|---|
| Title | Meritz Fire & Marine Insurance Co., Ltd. v. Hapag-Lloyd (America), Inc., et al. | | |

party of his day in court. *See id.* at 1140 (citing *Bremen*, 407 U.S. 1). However, the Ninth Circuit recognizes that an evidentiary hearing or limited discovery is not necessary in every case involving a forum selection clause. *See id.* at 1138 ("In many cases, when [a forum selection] clause is invoked, the court is faced primarily with a legal issue as to whether the clause should be given force. In such cases, there will likely be no dispute over the existence, validity, or enforceability of the forum selection clause.").

Plaintiff seeks limited discovery to determine when and where the storage temperature was changed to -23 degrees Celsius and whether Defendant properly opted out of Carmack. *See Opp.* 6: 114-20. While the disputed facts in *Murphy* pertained to the *Bremen* reasonableness factors, the facts that Plaintiff points to would not change the enforceability of the forum selection clause in this case. As previously discussed, the forum selection clause is not unreasonable, and Plaintiff does not argue that it is. Therefore, Plaintiff's request for limited discovery or an evidentiary hearing is distinguishable from the facts in *Murphy*.

Discovery of the location and time that the storage information was negligently recorded would not affect the outcome of Defendant's motion. Whenever and wherever the information was recorded, each sea waybill requires that "any claim or dispute arising under this Sea Waybill" must be litigated in a Hamburg court. *See Watt Decl.*, Ex. 3 ¶ 24. Furthermore, even if the damage to the cargo occurred during the inland shipment of the goods from Wisconsin to Seattle, *see Axtell Decl.* 4: 24-26, Defendant only participated in the oceanic shipment of the cargo from Seattle to Busan, and the sea waybills are expressly limited to that portion of the shipment. Finally, no discovery is required to determine whether Defendant opted out of Carmack because this Court has determined that COGSA applies to this case. For these reasons, this Court denies Plaintiff's request for limited discovery.

  D. <u>Summary</u>

In summary, this Court holds that venue is improper because Plaintiff is bound by the forum selection clause contained in the sea waybills to file suit in Hamburg, Germany. First, COGSA applies to Plaintiff's claim because the sea waybills validly extended COGSA beyond the tackles and the sea waybills were limited to an oceanic shipment. Second, the forum selection clause was not unreasonable. Third, Plaintiff can be bound by the terms of the sea waybills even though it was not a party to their issuance. Therefore, Plaintiff's claim should be dismissed for improper venue on the basis of the forum selection clause.

IV. <u>Conclusion</u>

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**#13**

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-3242 PSG (PLAx) | Date | September 2, 2009 |
|---|---|---|---|
| Title | Meritz Fire & Marine Insurance Co., Ltd. v. Hapag-Lloyd (America), Inc., et al. | | |

    Based on the foregoing, the Court GRANTS the 12(b)(3) Motion to Dismiss as to Defendant Hapag-Lloyd (America), Inc.

    **IT IS SO ORDERED.**